IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OMAIRA MUNOZ,

    Plaintiff,

vs.

LA SALLE BANK, et al.,

    Defendants.

CIV. NO. S- 09-0454 FCD GGH PS

ORDER AND

ORDER TO SHOW CAUSE

Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to Local Rule 72-302(c)(21). Defendant La Salle Bank's[1] motion to dismiss is presently noticed for hearing on the May 21, 2009, law and motion calendar of the undersigned. Opposition to motions, or a statement of non-opposition thereto, must be filed fourteen days preceding the noticed hearing date. E.D. Cal. L. R. 78-230(c). Court records reflect that plaintiff failed to file opposition or a statement of non-opposition to the motion.

Failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L. R. 11-110; see Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Additionally, "[n]o party will be entitled to be heard in opposition to a motion at oral arguments

---

[1] Defendant Bank of America is successor by merger to La Salle Bank. (dkt #12.)

1

if written opposition to the motion has not been timely filed." E.D. Cal. L. R. 78-230(c).[2] Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986). The Local Rules specifically provide that cases of persons appearing in propria persona who fail to comply with the Federal and Local Rules are subject to dismissal, judgment by default, and other appropriate sanctions. E.D. Cal. L. R. 83-183.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of May 21, 2009 is vacated. Hearing on defendant La Salle Bank's motion is continued to June 11, 2009.

2. Plaintiff shall show cause, in writing, no later than May 28, 2009 why sanctions should not be imposed for failure timely to file opposition or a statement of non-opposition to the pending motion.

3. Plaintiff is directed to file opposition, if any, to the motion, or a statement of non-opposition thereto, no later than May 28, 2009. Failure to file opposition and appear at hearing, or to file a statement of non-opposition, will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

DATED: May 14, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Munoz0454.osc.wpd

---

[2] Moreover, failure to appear at hearing may be deemed withdrawal of opposition to a motion or may result in sanctions. E.D. Cal. L. R. 78-230(j).

2