IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OMAIRA MUNOZ,

      Plaintiff,                    CIV. NO. S- 09-0454 FCD GGH PS

    vs.

LA SALLE BANK, et al.,

                                  FINDINGS & RECOMMENDATIONS

      Defendants.

_____/

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Plaintiff initiated this action on February 17, 2009. In the order requiring timely service and joint status report, filed February 17, 2009, plaintiff was advised of the requirement to obey federal and local rules and orders of this court, and the possibility of dismissal for failure to do so. Defendant filed an amended motion to dismiss on April 16, 2009, to which plaintiff did not respond. By order filed May 15, 2009, plaintiff was directed to show cause in writing by May 28, 2009 for his failure to oppose the motion, and directed to file an opposition to the motion by that date. Plaintiff was warned that failure to file an opposition or statement of non-opposition and appear at the hearing would be deemed a statement of non-opposition, and that a recommendation of dismissal would result. The hearing was continued for three weeks;

however, plaintiff did not respond to the show cause order, did not file an opposition, and did not appear at the hearing on the motion to dismiss.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court.  As set forth in this court's prior order, failure to appear at a scheduled hearing may be deemed not only withdrawal of opposition to a motion and but grounds for sanctions.  E. D. Cal. L. R. 78-230(j).  More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 11-110; see also E. D. Cal. L. R. 83-183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali.  "[T]he key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).  Defendant is clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be

1  dismissed.[1]

2         Accordingly, IT IS RECOMMENDED this action be dismissed with prejudice
3  pursuant to Federal Rule of Civil Procedure 41(b).

4         These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
6  (10) days after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections
9  shall be served and filed within ten (10) days after service of the objections.  The parties are
10 advised that failure to file objections within the specified time may waive the right to appeal the
11 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: 06/18/09

                                      /s/ Gregory G. Hollows
13                                    _____
                                      GREGORY G. HOLLOWS
14                                    U. S. MAGISTRATE JUDGE

15 GGH:076/Munoz0454.dis.wpd

---

[1] Furthermore, review of the complaint indicates there is no federal question or diversity jurisdiction. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).